IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT CLARENCE BRAMLETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-430-C |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Respondents.[1] | ) | |

**REPORT AND RECOMMENDATION
ON THE ISSUE OF TIMELINESS**

Mr. Robert Bramlett seeks habeas relief in connection with his state court conviction.

The Respondents seek dismissal on grounds of timeliness, and the Court should grant the

motion.

Background

Mr. Bramlett pled guilty and obtained a conviction on state criminal charges. *See*

Petition at p. 1 (Apr. 13, 2007) ("Petition"). According to the Petitioner, the trial court

imposed the sentence on July 27, 2000,[2] and he did not appeal. *See id.* at pp. 1-2, 5.

---

[1]      The undersigned is separately recommending dismissal of the Oklahoma Attorney General as a party. *See* Report and Recommendation Concerning Oklahoma Attorney General's Status (June 27, 2007).

[2]      The Respondents allege that the sentencing had taken place on June 27, 2000. Brief in Support of Motion to Dismiss for Failure to File Within the Limitations Period at p. 1 (May 22, 2007). The disagreement about the sentencing date is immaterial to the outcome.

He filed an application for post-conviction relief on August 28, 2006, which was denied. *See id.* at p. 3. The Petitioner appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on March 16, 2007. *See id.* at pp. 2-3.

Mr. Bramlett filed the habeas petition on April 13, 2007.[3]

Timeliness of the Present Action

The present action is untimely because it was initiated after expiration of the limitations period.

I.      Statute of Limitations

In federal habeas actions, the statute of limitations provides in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]     Generally, the Court would consider the petition filed on the day that Mr. Bramlett had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). But the Petitioner has not identified that date. *See* Petition at p. 14; *see also Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (stating that the court will consider the filing date to be when the inmate had given the document to prison authorities for mailing, but only if he has attested "that such a timely filing [had been] made" (citation omitted)).

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

. . . or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A)-(B), (D) (2000).

II.    <u>Mr. Bramlett's Failure to Timely File the Habeas Petition</u>

Under 28 U.S.C. 2244(d)(1)(A), Mr. Bramlett had one year to seek habeas relief, beginning with the date that the judgment had become final. *See supra* pp. 2-3. This period ended on August 6, 2001.

As noted above, Mr. Bramlett was allegedly sentenced on July 27, 2000. *See supra* p. 1; *see also* Petition at p. 1. The Petitioner then had ten days to file a motion to withdraw the plea. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals. He did not file such a motion,[4] and the conviction became "final" on August 6, 2000.[5]  Thus, in the absence of tolling, the one-year period would have expired on August 6, 2001. *See* 28 U.S.C. § 2244(d)(1)(A) (2000).

---

[4]      *See supra* p. 1.

[5]      *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence).

3

Under certain circumstances, federal law authorizes tolling of the limitations period. These circumstances are not present here.

The relevant statute provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2000).

Mr. Bramlett waited until August 28, 2006, to seek post-conviction relief. *See supra* p. 2. By then, the limitations period would already have expired in the absence of equitable tolling. *See supra* p. 3. Accordingly, the limitations period was not tolled under 28 U.S.C. § 2244(d)(2) by the filing of a post-conviction application. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

III.   The Petitioner's Arguments

In his petition, Mr. Bramlett alleges an inability to obtain court documents and trial transcripts, complains that he had not known about the illegality of the sentence enhancement, and points out that he lacks access to a law library. Petition at pp. 5, 13; Motion in Response to Respondents [sic] Motion to Dismiss (May 30, 2007). Liberally construed, the Petitioner's allegations would suggest arguments based on:

- Sections 2244(d)(1)(B) and (D), or

4

•       equitable tolling.[6]

But any such arguments would be invalid.

A.      Inability to Obtain the Orders and Transcripts Underlying the Habeas Claim

In part, Mr. Bramlett attributes the delay to the inaccessibility of certain orders and transcripts. However the argument is interpreted, it would not affect the running of the limitations period.

28 U.S.C. § 2244(d)(1)(B)

Subsection 2244(d)(1)(B) applies only when a state-created impediment prevents timely filing. Mr. Bramlett has not shown how the alleged denial of records had impeded his ability to file a federal habeas petition. Indeed, he ultimately filed the habeas petition without the benefit of the documents. In these circumstances, Section 2244(d)(1)(B) would not provide Mr. Bramlett with additional time. *See Clark v. State*, 468 F.3d 711, 714 (10th Cir. 2006),[7] *petition for cert. filed* (U.S. Jan. 24, 2007) (No. 06-10721).

---

[6]     *See, e.g., Verikokidis v. Galetka*, 42 Fed. Appx. 311, 312 (10th Cir. July 5, 2002) (unpublished op.) ("Because [the petitioner] is proceeding pro se, we liberally construe his argument as a claim that the one-year period of limitation should be equitably tolled." (citation omitted)); *Lain v. State*, 201 F.3d 448, 1999 WL 1063834, Westlaw op. at 2 (10th Cir. Nov. 23, 1999) (unpublished op.) ("Under the principle of liberal construction of pro se pleadings, we interpret this as a request to invoke a fundamental miscarriage of justice argument for equitable tolling." (citation omitted)).

[7]     In *Clark v. State*, the petitioner alleged a delay in the availability of some of the pertinent records. *See Clark v. State*, 468 F.3d at 714. The federal appellate court held that the passage of time had not involved a state-created impediment under 28 U.S.C. § 2244(d)(1)(B). *Id.* In part, the court relied on the failure "to explain why the [withheld] documents . . . were necessary to pursue [the petitioner's] federal claim. . . ." *Id.* (citations omitted).

<u>28 U.S.C. § 2244(d)(1)(D)</u>

Section 2244(d)(1)(D) would not be triggered by the Petitioner's lack of court documents.[8]

<u>Equitable Tolling</u>

Similarly, Mr. Bramlett's alleged lack of orders or transcripts would not justify equitable tolling.[9]

B.    <u>Lack of Knowledge About the Sentence Enhancement</u>

In addition, Mr. Bramlett complains that when his sentence was enhanced, he did not know about its illegality.  Again, the argument could implicate Section 2244(d)(1)(D) or the doctrine of equitable tolling.  But either argument would again be invalid.

---

[8]    *See Gauthier v. Higgins*, 175 Fed. Appx. 174, 176 (10th Cir. Mar. 15, 2006) (unpublished op.) (an inability to pay for transcripts "would [not] have prevented [the inmate] from discovering 'the factual predicate of the claim or claims presented' in his federal habeas petition, as described in § 2244(d)(1)(D)"); *Owings v. Jones*, 2007 WL 1188307, Westlaw op. at 1 (W.D. Okla. Apr. 19, 2007) (unpublished op.) (holding that a lack of transcripts did not trigger 28 U.S.C. § 2244(d)(1)(D)).

[9]    *See Carey v. Jones*, 2007 WL 1464252, Westlaw op. at 2 (10th Cir. May 21, 2007) (unpublished op.) ("Reasonable jurists would agree that the district court was correct when it concluded that an 'inmate's lack of state court records does not justify equitable tolling.'" (citation omitted)); *see also United States v. Williams*, 2007 WL 744635, Westlaw op. at 1 (10th Cir. Mar. 13, 2007) (unpublished op.) (rejecting an argument for equitable tolling under 28 U.S.C. § 2255 because the alleged difficulties in obtaining trial transcripts did not "constitute 'extraordinary circumstances beyond [the petitioner's] control'" (citation omitted)).

28 U.S.C. § 2244(d)(1)(D)

Under Section 2244(d)(1)(D), the limitations period begins with discovery of the claim's factual predicate, rather than recognition of its legal significance.[10]  This provision does not apply here.

The Petitioner knew or could reasonably have learned as early as June 2000 that his sentence had been enhanced with prior convictions and that the earlier sentences had not expired.  Mr. Bramlett simply did not discover the legal significance until some time thereafter.  In these circumstances, Section 2244(d)(1)(D) would not provide the Petitioner with additional time.  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).[11]

---

[10]       *See Edwards v. Ward*, Case No. CIV-05-368-M, slip op. at 5 (W.D. Okla. May 24, 2005) (unpublished report and recommendation by magistrate judge, stating that under 28 U.S.C. § 2244(d)(1)(D) "the limitations period begins with discovery of the claim's factual predicate, rather than recognition of its legal significance" (footnote omitted)), *adopted* (W.D. Okla. Aug. 10, 2005) (unpublished order by district judge); *accord Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts").

[11]       In *Preston v. Gibson*, prison officials disciplined an inmate for participating in the murder of another inmate.  *See Preston v. Gibson*, 234 F.3d at 1119.  The prisoner was later convicted in criminal proceedings arising out of the murder.  *See id*.  The inmate sought habeas relief for double jeopardy and ineffective assistance of counsel, and the Tenth Circuit Court of Appeals held that the petition was time-barred.  *Id*. at 1119-21.  In part, the appeals court rejected an argument for timeliness based on 28 U.S.C. § 2244(d)(1)(D), reasoning that the prisoner had obviously known about the administrative punishment and subsequent criminal prosecution when they had taken place.  *Id*. at 1120.  In these circumstances, eventual discovery of favorable case law would not have "alerted [the prisoner] to any *factual* basis for his claim."   *Id*. (emphasis in original; footnote omitted).

Equitable Tolling

One might interpret the Petitioner's allegation as an effort to invoke equitable tolling. *See supra* pp. 4-5. But this doctrine does not apply when a prisoner, like Mr. Bramlett, seeks to avoid the  limitations period based on his own lack of legal knowledge. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling is not justified by the prisoner's ignorance of the law).

C.      Lack of Access to a Law Library

In response to the motion to dismiss, Mr. Bramlett points out that he lacks access to a law library. Motion in Response to Respondents [sic] Motion to Dismiss, *passim* (May 30, 2007); *see supra* p. 4.   Liberally construed, the statement would suggest an argument involving equitable tolling. *See supra* note 6. But the Court should reject any such argument because lack of access to a law library would not justify equitable tolling.[12]

IV.    Summary

The Petitioner is not entitled to statutory or equitable tolling.   As a result, the limitations period expired on August 6, 2001, and the filing of the habeas petition on April 13, 2007, was too late.

---

[12]       *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough [for equitable tolling] to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." (citation omitted)); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("a claim of insufficient access to relevant law . . . is not enough to support equitable tolling" (citation omitted)).

<u>Notice of Right to Object</u>

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is July 17, 2007. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Status of the Referral</u>

The referral to the undersigned is terminated.

Entered this 27th day of June, 2007.


Robert E. Bacharach
United States Magistrate Judge